MARIA E. RIVERA DE GIMENEZ,
Plaintiff

v.

EDGAR A. C. CURRAN,
Sheriff of the Municipality of St. Thomas and St. John,
Defendant

May Term, 1937

No. 15

District Court of the Virgin Islands

Division of St. Thomas and St. John at
Charlotte Amalie

May 27, 1937

**HASTIE,** *Judge*

The plaintiff, Maria E. Rivera de Gimenez, is here seeking restitution of certain articles of personal property seized by the defendant, Edgar A. C. Curran, Sheriff of the Municipality of St. Thomas and St. John, from the home of plaintiff and her husband, Jose I. Gimenez, pursuant to an execution issued out of this court upon a judgment recovered by the municipality against Jose I. Gimenez. The case was tried by the court without a jury.

A list of the articles in question is in evidence. Mrs. Gimenez claims that each of them is her separate property. The Sheriff contends that each article is either the property of the husband or "community property" subject as such to attachment for debt of the husband. Plaintiff has sought to establish her title solely by her own testimony concerning the acquisition of the several articles and the course of dealing with them in the Gimenez household. But before this evidence is examined, the statutes and general principles of law upon which the entire controversy depends must be considered.

 In this jurisdiction a wife during coverture may acquire separate property by gift or by purchase out of her own earnings, and such property is not subject to

attachment by creditors of her husband (Code 1921, Title II, ch. 14, secs. 1, 2 [16 V.I.C. §§ 68, 69]). She may give notice of her separate interest by recording a statement of her property with the Recorder of Deeds (id. secs. 8-10). Marital "property not so registered shall be deemed prima facie to be the property of the husband rather than of the wife" (id. sec. 9). However, a wife may still protect her unregistered title against creditors of the husband by any competent evidence rebutting the presumed ownership of the husband and proving her own title. In this connection it must often occur that the testimony of the spouses themselves concerning the acquisition and disposition of particular chattels will be the only available evidence of ownership. And a wife may, in a proper case, be adjudged the owner of such property upon the basis of such evidence standing alone. Parker v. McLain (1914) 92 Kan. 554, 141 Pac. 579. Of course, the probative value of such testimony must be determined by the trier of fact in the same manner as the probative value of any other evidence is determined.

■ In the present case, the testimony of Mrs. Gimenez places various articles in different categories. First, there are "three small tables", one of them with a leg missing, which the plaintiff admits to be the property of her husband. She is not entitled to them. Second, there are articles said by the plaintiff to be the property of her son, Juan — either the product of his own craftsmanship or the gift of his father. Such evidence does not tend to establish ownership by the plaintiff. And in this action she can prevail only by establishing her own title. The articles in this classification, described as they are listed in the Sheriff's return of execution, are a "desk and book-case combined", a "stand" used to support a radio, a "small mahogany table", "two large side tables" and one "center table." The plaintiff must be and is denied relief with reference to these articles.

The plaintiff's claim with reference to the remaining articles is based upon more substantial contentions. In the third category are a "radio set" and "two small Japanese tables" all of which, according to the testimony of the plaintiff, were purchased by her as her separate property out of the proceeds of the sale of her needle work. If this testimony is accepted as true, these articles must be protected against attachment by creditors of Mr. Gimenez. However, with respect to the "two small Japanese tables" plaintiff herself has greatly reduced the probative value of her testimony by prior inconsistent statements incorporated in her sworn claim and affidavit which is part of the record of this case. In that affidavit she has identified these tables as "a personal gift of her brother." This contradiction prevents plaintiff's testimony with reference to these tables from attaining the status of proof adequate to meet the burden of persuasion which rests upon her. She may recover the radio, but not the two Japanese tables.

The final category embraces alleged gifts from relatives. Here particularly the affidavit filed by the plaintiff contradicts her testimony at the trial in striking fashion. The affidavit describes three rocking chairs as a gift from her brother. On the witness stand the plaintiff testified that one chair was given to her by her brother, while the other two were bought by her husband and by him given to their son. The status of alleged gifts from the plaintiff's brother will be discussed in detail later. However, it is the conclusion of the court that the plaintiff's claim is not established with reference to any of these three chairs.

The affidavit also lists "two mahogany presses" — one received from deceased aunt of husband of deponent, and the other won as a prize in a raffle. Yet, at the trial, plaintiff testified quite positively that one press was the

gift of her mother-in-law, the other being identified as a gift for her aunt as stated in her affidavit. With the plaintiff herself thus uncertain whether a large article of furniture was the gift of her mother-in-law or a prize won at a raffle, the court cannot accept her testimony as adequate to establish her title to the article in question as against the prima facie title of her husband. The plaintiff may recover the press given to her by her aunt, but not the other press.

"Four sitting chairs" were identified by the plaintiff as a gift to her personally from her mother-in-law. The record is consistent with reference to this item, and plaintiff should recover these four chairs.

All the remaining items in the present claim are alleged by the plaintiff to be part of a set of furniture given to her by her brother. But, although the plaintiff testified that these articles were her own property, she admitted that they were left in the household by the brother as compensation for food and shelter there afforded him. Mrs. Gimenez testified further that these accommodations were provided for her brother at her husband's expense. Upon such evidence, it cannot be said that the plaintiff has carried the burden of establishing her own title.

█ The court has not overlooked the issue of "community property" raised by the defendant in argument. However, this argument was predicated solely upon the fact that various articles were used by the several members of the Gimenez household. Upon the evidence adduced, this factor is not deemed sufficient to defeat the separate interest of the wife in those articles which are awarded to her in this finding. Cf. Jolly v. McCoy (1918) 36 Cal. App. 479, 172 Pac. 618.

It follows that the plaintiff may recover the four sitting chairs, the radio set, and one mahogany press. Upon

390

delivery to the Sheriff of the remaining articles the bond posted by the plaintiff to secure possession of the attached articles may be released and the sureties exonerated. In view of the failure of the plaintiff to register her title, each of the parties shall bear his own costs.

It is so ordered.